**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4578**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LUIS ALFREDO VASQUEZ-MELENDEZ, a/k/a Oscar Diaz-Mendoza,

                Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:08-cr-00116-FDW-1)

Submitted:  April 1, 2010              Decided:  July 8, 2010

Before NIEMEYER, MOTZ, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Matthew R. Segal,
FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville,
North Carolina; Steven Slawinski, Charlotte, North Carolina, for
Appellant. Edward R. Ryan, United States Attorney, Charlotte,
North Carolina; Amy E. Ray, Assistant United States Attorney,
Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Alfredo Vasquez-Melendez appeals his forty-eight month sentence imposed after his guilty plea to unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326 (2006). Vasquez-Melendez's sole argument on appeal is that the district court erred in calculating his guideline sentencing range when it increased his offense level by sixteen levels pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(ii) (2008). Finding no error, we affirm.

This court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range" or "failing to consider the § 3553(a) factors." Gall, 552 U.S. at 51. The district court must make an individualized assessment based on the facts presented by applying the relevant § 3553(a) factors to the circumstances of the case. Id. The court then considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id.

The contested sixteen-level increase was based on Vasquez-Melendez's prior conviction under N.C. Gen. Stat. § 14-202.1 (2009). In assessing a sentencing court's application of the guidelines, this court reviews its legal conclusions de novo and its factual findings for clear error. United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010). Section 2L1.2(b)(1)(A)(ii) of the Guidelines directs a sixteen-level enhancement to the base offense level if the defendant was previously deported from the United States following "a conviction for a felony that is . . . a crime of violence." A "crime of violence" is defined to include "sexual abuse of a minor." USSG § 2L1.2 cmt. n.1(B)(iii). "Sexual abuse of a minor" need not be a crime that requires the use, or threatened use, of physical force against another, but must be a crime that prohibits the "physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." United States v. Diaz-Ibarra, 522 F.3d 343, 350, 352 (4th Cir. 2008) (internal quotation marks omitted) (holding that a prior Georgia conviction for felony attempted child molestation qualified as a "crime of violence" under § 2L1.2(b)(1)(A)(ii)).

To determine whether Vasquez-Melendez's prior crime constituted "sexual abuse of a minor," this court applies a categorical approach, looking only to the statutory definition

of the state crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a "crime of violence." See Taylor v. United States, 495 U.S. 575, 600-02 (1990). Having done so, we conclude that Vasquez-Melendez's prior offense was properly considered to be sexual abuse of a minor, and therefore a violent crime that subjected him to an enhanced offense level.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED